O'DONNELL *v.* LANGE.

1. NEGLIGENCE—EVIDENCE.

Negligence cannot be established alone by proof of an injury.

2. SAME.

But the manner of the accident and the circumstances surrounding it may warrant an inference or presumption of negligence.

3. SAME — HIGHWAYS AND STREETS — LAW OF THE ROAD — PERSONAL INJURIES.

Evidence that defendant drove her horse against a street cleaner who was rightfully in the street, in the daylight, while there was plenty of room on either side of him, and no other vehicles in the way, and that the horse was within defendant's control, going slowly, presents a question of fact as to defendant's negligence.

4. SAME—CONTRIBUTORY NEGLIGENCE.

Whether the plaintiff was using ordinary care in the performance of his work was a question for the jury, and he was not bound to neglect his work to escape collision with those who were not using reasonable care.

Error to Muskegon; Davis, J., presiding. Submitted June 20, 1910. ( Docket No. 95.) Decided September 27, 1910.

Trespass *vi et armis* by John O'Donnell against Emma Lange. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*James E. Sullivan*, for appellant.

*William Carpenter*, for appellee.

BIRD, C. J. This is a personal injury case brought by the plaintiff to recover damages for being run into and knocked down by defendant's horse, while she was driving it on Western avenue, in the city of Muskegon.

The plaintiff is an old man 70 years of age, and is employed as a street cleaner in the city of Muskegon. Western avenue is paved, and extends from east to west. A street car track occupies the center of the avenue. On either side of the track, between the outer rail and the curbing, is a traveled way of 22 feet. In the early afternoon of November 19, 1909, plaintiff was working about midway of the traveled way on the north side of the car track with his face towards the west. He was scraping dirt ahead of him. While so at work defendant drove up from the rear with a single horse and buggy, and drove her horse against the plaintiff, striking him in the back, and thereby throwing him to the pavement, after which the carriage passed over him, and he was injured. The plaintiff testified that he did not hear nor see the defendant drive toward him. His companion, who was working upon the other side of the street car track, with his face towards the west, testified that he did not hear nor see defendant. No other vehicles or teams were on the street at the time. The plaintiff charged defendant in his declaration with carelessly, negligently, and with force and arms driving her horse in and upon him and injuring him. At the conclusion of plaintiff's testimony, the defendant offered none, but requested the court to direct a verdict for the defendant, for the following reasons:

(1) Because no negligence was shown on the part of the defendant; and,

(2) If negligence were shown upon the part of the defendant, the plaintiff was guilty of contributory negligence, and cannot recover.

The trial court agreed with the position of defendant's counsel and directed a verdict for the defendant.

1. There is practically no disagreement between counsel as to what the law is. Their disagreement arises as to what the evidence shows. The contention of defendant's counsel is that the evidence establishes nothing but the fact of the injury, and that under the well-settled rule that negligence cannot be established alone by the proofs

of the injury, the plaintiff failed to make a case. *Quincy Mining Company* v. *Kitts*, 42 Mich. 34 (3 N. W. 240). On the other hand, plaintiff's counsel insists that something more is shown by the evidence than a mere injury, and he insists that the testimony brings it within another rule, viz., that, where the manner of the accident and the circumstances surrounding it are shown, they warrant an inference or presumption of negligence. *Lillibridge* v. *McCann*, 117 Mich. 84 (75 N. W. 288, 41 L. R. A. 381, 72 Am. St. Rep. 553). We are inclined to the view of the plaintiff that the testimony shows something besides the bare fact of an injury. It shows that defendant was employed by the city of Muskegon to clean the streets, that he was so employed at the time, and that he was rightfully in the street. It further shows that the street was wide enough so that she might have driven upon either side of him without driving upon the street car track; that there were no other vehicles on the street at the time; that it was daylight; and that her horse was within her control and going slowly. Considering in connection with these facts her duty to use reasonable care to avoid injuring those who might be at work in or using the highway, we think there was such a case made as entitled the plaintiff to go to the jury upon the question of her negligence. The defendant was driving in the direction of the plaintiff, and she could observe, if she had looked in the direction in which she was going, that plaintiff was at work, and had his back to her, and she might have assumed that the scraper with which he was working was making some noise, and, as she drew nearer, she could have observed that his inattention indicated that he did not know she was approaching, and had she exercised, in a slight degree, that care which she was bound to, under the law, the accident might have been avoided.

2. Was the plaintiff guilty of contributory negligence? It is well understood that streets must be repaired and must be kept clean, and necessarily men must be employed to do the work. Plaintiff was engaged in the lawful dis-

charge of his duties, and while he was bound to use ordinary care to avoid injury from passing vehicles, and could not recover if he failed in that duty, we do not think he was obliged to neglect his work to escape collision with those who were not using reasonable care in that regard. 18 Am. & Eng. Enc. Law (2d Ed.), p. 586; *Smith* v. *Bailey*, 14 App. Div. (N. Y.) 285 (43 N. Y. Supp. 856). Whether the plaintiff did give such attention on this occasion as he should have given, having due regard for his work, was a question for the jury.

The case is reversed, and a new trial ordered.

OSTRANDER, HOOKER, BLAIR, and STONE, JJ., concurred.