STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JEROME M. WATTERS, DEFENDANT-PROSECUTOR.

Argued October term, 1928—Decided November 22, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the plaintiff, *Edward L. Katzenbach*, attorney-general.

For the defendant, *Howe & Davis*.

PER CURIAM.

The application is for a writ of *certiorari* to review the finding of the First District Court of the city of Newark resulting in the conviction of the prosecutor upon a charge of practicing optometry without a license, in which proceeding the statutory penalty was imposed upon the prosecutor.

The action was brought to recover the penalty under section 21 of the act of 1904 (1 *Comp. Stat.*, § 108), as follows: "No person, not the holder of a certificate of registration, duly issued to him, shall, after January 1st, 1915, practice optometry within this state."

The defendant was a licensed osteopath, and insisted that because of his license in that respect he was further entitled to practice optometry. The practice of osteopathy is defined by the statute (1 *Cum. Supp. Comp. Stat.*, p. 1896), as "a method or system of healing whereby displaced structure of the body are replaced by the hand or hands of the operator in such a manner that the constituent elements of the diseased body may reassociate themselves for the cure of the disease."

Optometry is defined by the statute (*Pamph. L.* 1919, *p.* 105; 1 *Cum. Supp. Comp. Stat.*, *p.* 1900) as follows: "The employment of objective and subjective means for the examination of the human eye for the purpose of ascertaining any departure from the normal, measuring its powers of vision, and adapting lenses for the aid thereof. Any person who shall offer or attempt to practice optometry, or who shall publish or represent himself as qualified to practice optometry, shall for the purposes of this act be deemed to practice optometry within the meaning of this act."

The twenty-third section of the act provides: "That nothing in this act shall be construed to apply to a duly licensed physician authorized to practice medicine under the laws of the State of New Jersey."

The Osteopathic acts have been amply defined by this court in conformity with the plain provisions of the statute. *State Medical Board* v. *De Young,* 6 *N. J. Mis. R.* 231; *State Board of Medical Examiners* v. *Baudentistel, Ibid.* 249.

The question in the case is reduced to the single one as to whether or not the defendant's legal right to practice osteopathy includes the right to practice optometry, and such is his contention. It was in evidence that the defendant tested the patient's eyes by the employment of objective and subjective means and prescribed glasses for the use of the patient. These facts were found by the District Court, and upon them the conviction resulted, and such finding, being a question of fact with ample evidence to support it, is not reviewable here. Nor is there anything in the contention urged by the prosecutor that because he is a regularly licensed osteopath he comes within the category of a licensed physician who may practice medicine and surgery, including that branch of medical service here involved. The difficulty with the proposition is that the defendant is limted by statute to the practice of osteopathy, which is specifically defined by the statute and by the decisions, and does not bring him within the generic term of a regularly licensed physician.

Our examination of the case leads us to the conclusion that the application for the writ of *certiorari* should therefore be denied.