ANGELO LOZIO, ALSO KNOWN AS ANGELO SOZIO, PLAINTIFF-RESPONDENT, v. JOHN PERRONE, DEFENDANT-APPELLANT.

Submitted May 2, 1933—Decided October 24, 1933.

550

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Samuel H. Nelson.*

For the respondent, *Nicholas La Vecchia.*

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the defendant below from a judgment entered upon the verdict of the jury in favor of the plaintiff who sued to recover for physical injury received when he was hit by a taxicab owned and operated by the defendant and while the plaintiff was employed in sweeping a street of the city of Newark.

The defendant first says that the trial judge erred in refusing to nonsuit the plaintiff and in refusing to direct a verdict for the defendant.

These two motions may be considered together as they are substantially to the same effect, namely, that there was no evidence of negligence upon the part of the defendant.

We think both motions were properly denied.

Of course, in passing upon motions to nonsuit and to direct a verdict upon the ground that there was no evidence of defendant's negligence, the court is not concerned with the credibility of the witnesses nor with the weight of the evidence, but must take as true all evidence which supports the plaintiff's view and must give him the benefit of all legitimate inferences which may be drawn therefrom in his favor; and where the evidence is such that reasonable minds may differ as to the fair conclusion to be drawn therefrom as to whether or not the defendant exercised reasonable care, a jury question is presented and such motions must be denied. *Andre* v. *Mertens,* 88 *N. J. L.* 626; 96 *Atl. Rep.* 893; *Cady* v. *Trenton and Mercer, &c., Corp.,* 104 *N. J. L.* 572; 141 *Atl. Rep.* 806.

Here, regard being had to such rules, the question of defendant's negligence was for the jury (as the trial judge considered), for, under the evidence, it was open to the jury to find, if they saw fit, the following matters of fact:

The plaintiff was employed by the city of Newark, as a street sweeper. Shortly prior to the moment of the accident, he stepped from the sidewalk into the street near a refuse box located along the curb. As he did so he looked and saw the defendant's taxicab parked along the curb, standing still with the motor silent, and with an intervening space of about ten feet between the front of the taxicab and the rear of another car parked ahead of it. He began sweeping the street about ten feet to the rear of defendant's taxicab, with his back to the taxicab and leaning over pushing his broom, and facing any traffic which might be coming on his side of the street. After an interval of about two minutes, and without any warning or other indication of movement, the taxicab, operated by the defendant, was backed into him and inflicted the injuries for which this action was brought. Incidentally there was evidence that the defendant knew that the plaintiff

regularly swept the street daily in the neighborhood of the refuse box.

Now it is the duty of an operator of an automobile before backing it upon a city street to use reasonable care to first see that such movement can be made in safety; and where, as here, the evidence tends to show that the defendant backed his taxicab against and injured the plaintiff who was sweeping the street for the city, and without looking first to see if the way was clear and without giving any warning whatsoever of such intended movement, the question of the negligence of the defendant was for the jury and not for the court.

Lastly the defendant says that the trial court erred in refusing to charge his request as follows: "Plaintiff was obliged to use great care while leaving the sidewalk at a point other than a crosswalk, this being the duty of pedestrians under those circumstances. If the plaintiff failed to use this degree of care while leaving the sidewalk and walking into the highway or street at a point other than a crosswalk, the plaintiff cannot recover."

We believe that the charge as requested had no application to the facts of the instant case. It seems to assume that plaintiff was injured while leaving the sidewalk. The evidence was that he was hit while busily engaged in sweeping the street. While it was necessary for the plaintiff in the performance of his work to walk on foot, he was not there as a pedestrian merely, as the request implied, but was necessarily in the highway to carry on his work as a street sweeper. Of course he knew that he was occupying a place of danger, and of course he was required to exercise such care for his safety as would be exercised by a reasonably prudent person in such circumstances. While he knew that he was occupying a place of danger and that his care must be commensurate with that danger, he was also cognizant of the fact that he must perform faithfully the service required of him by the city as a street sweeper. Both obligations were resting upon him and each must be met with a due regard to the other. While a person employed by a city as a street sweeper is bound to exercise care for his safety such an ordinarily prudent person would exercise in such circumstances, yet he has the right to assume

that persons operating vehicles in the street will do so with a reasonable degree of care for his safety while busily engaged in sweeping the street, and he is not required to use the same degree of care as must be exercised by an ordinary pedestrian crossing the street. Thus it has been held that a laborer whose duties require him to be in that part of the street used by vehicles, is not obliged to use the same degree of care that would be required of an ordinary pedestrian. *Peters* v. *Schroeder,* 138 *Atl. Rep.* (*Pa.*) 755. And in *Riley* v. *Tsagagarakis,* 145 *Atl. Rep.* (*R. I.*) 12, it was held, in effect, that persons employed by a municipality to sweep streets have a right to assume that drivers of vehicles will exercise reasonable care for their safety, and need not use the same vigilance as an ordinary pedestrian.

We conclude therefore that the refusal of the request was not erroneous.

The judgment will be affirmed, with costs.