EDNA M. WALLACE, PLAINTIFF-RESPONDENT, v. A. R. PERINE COMPANY, DEFENDANT-APPELLANT.

Submitted February 16, 1934—Decided May 4, 1934.

For the appellant, *Kellogg & Chance.*

For the respondent, *Edward R. McGlynn* (*Franklin J. McGlynn,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is the defendant's appeal from a judgment in favor of the plaintiff below entered upon the verdict of a jury.

The plaintiff's case was that she was riding in an automobile upon the public highway, which was negligently hit by an automobile admittedly owned by the defendant A. R. Perine Company, and driven by that company's employe, and that she was injured in the collision.

The only ground of appeal is that "the trial judge erred in denying defendant's motion for a direction of the verdict for the defendant."

We think that the trial judge rightly denied the motion.

The motion was based upon this ground only: "That at the time this accident occurred the driver of the A. R. Perine Company car was not acting in the scope of his employment."

Now, whether or not the driver was acting within the scope of his employment at a given time is generally decided on

presumptions and inferences from ascertained facts. *Paie-wonsky* v. *Joffe*, 101 *N. J. L.* 521.

The fact that an automobile (as here) was being driven by an employe of the owner creates the presumption of fact that the employe was acting within the scope of his employment; which presumption can be rebutted only by uncontradicted proof to the contrary. *Tischler* v. *Steinholtz*, 99 *N. J. L.* 149.

In the instant case that presumption was not so rebutted.

The evidence tended to show the following matters of fact: The defendant was engaged in the cleaning and dyeing business in Orange, New Jersey, and owned and maintained the automobile which inflicted the injury. The driver of that car, Simon P. Sautter, was the defendant's factory foreman and he supervised deliveries. He was authorized to use the automobile to get business, to give estimates, and to make deliveries. He was also authorized to take the car to his home nights to store it at his garage and return with it to the factory the next morning, for which storage defendant paid to Sautter a regular garage rental. No instructions or restrictions were given to him as to what route he should take, either in driving the car to his garage or in returning it to the factory, his employer being indifferent as to the route, leaving that to the discretion of Sautter. In driving the car home Sautter for years customarily took with him in the car another employe of the defendant's plant who lived in Sautter's general neighborhood, and this practice was well known to his employer, the defendant, and was with the latter's acquiescence. On the day of the accident, at six P. M., Sautter was driving towards his home with this employe, and, because it was storming at the time, Sautter drove direct to the employe's home and let him out, instead of driving directly to Sautter's home as usual, leaving the employe to make his way to his own home. It was while Sautter was returning to his home that the accident occurred within two blocks of Sautter's home. It appeared that when within two blocks of his home he drew up to the curb and stopped (for what purpose does not definitely appear), and a few minutes

later started again, and collided with the coupe in which the plaintiff was riding.

The foregoing recital of the tendency of the evidence is for the most part not in dispute. The fact that there are some points in dispute is immaterial so far as concerns the motion to direct a verdict. For in passing on defendant's motion for a directed verdict the court must take as true evidence supporting plaintiff's view and give her the benefit of legitimate inferences deducible therefrom. *Lozio* v. *Perrone,* 111 *N. J. L.* 549; 168 *Atl. Rep.* 764.

The application of these rules, in view of the evidence, results in the conclusion that the trial judge did not err.

The defendant contends that the limit of Sautter's authority was to use the automobile "to get home that night;" that he "did get home," and thereafter "there was nothing further for him to do that night in which the defendant had any interest or concern." That contention, as we see it, is the sole basis for the argument that at the time of the accident Sautter was not acting within the scope of his employment.

But this contention is ill-founded in point of fact. The evidence is not that he reached or passed his home. On the contrary, it shows that at the time of the accident he was and had been proceeding by a route—not the shortest and not his usual one—but in the general direction of his home, and that whatever deviation from his usual route occurred was one which his employer had committed to his discretion and was not for his own benefit but in pursuance of a matter which was of interest and concern to his employer.

The defendant relies upon the case of *Shefts* v. *Free,* 105 *N. J. L.* 577. But that case is not in point. There the servant was specifically told to take the car to the garage four blocks distant. He went there and then proceeded on an errand of his own in which the master had no interest or concern whatsoever, and of course the court held that the relation of master and servant had been terminated.

The instant case is far different from that. This case is somewhat similar to *DeBello* v. *Reep & Blackford,* 2 *N. J.*

*Mis. R.* 456; *affirmed,* 101 *N. J. L.* 218; 127 *Atl. Rep.* 522, where it was held that deviation by a chauffeur from a direct course on an errand for his employer to pick up a friend, is not sufficient to overcome the presumption of fact that the driver of the car was acting within the scope of his employment.

So where, as in the case at bar, the evidence tends to show that the driver of the defendant's automobile proceeded by a route—not the shortest nor his usual one—but in the general direction of his destination, and that whatever deviation from his usual route occurred was one which the defendant had committed to the driver's discretion and that such deviation was not for the driver's benefit but in pursuance of a matter which was of interest to the defendant, such evidence is not sufficient to overcome the presumption of fact that the driver was acting within the scope of his employment, and hence the defendant's motion for a direction of a verdict in his favor was properly denied.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.