ARTHUR PFAFF *vs.* H. T. SMITH EXPRESS
COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued November 5th—decided December 3d, 1935.

*William T. Holleran*, with whom was *Frank W. Daley*, for the appellant (plaintiff).

*Thomas R. Robinson*, with whom, on the brief, was *Daniel L. O'Neill*, for the appellees (defendants).

MALTBIE, C. J.  The plaintiff was injured by a truck owned by the defendant the H. T. Smith Express Company and driven by the other defendant.  The trial court directed a verdict for the defendants and this appeal is from its refusal to set aside that verdict. The verdict was directed upon a motion made after the plaintiff had concluded his evidence and the defendants had rested without offering any testimony. Consequently there is little conflict of testimony.  The plaintiff was assistant to the engineer in charge of the construction by the State of a macadam highway in North Branford.  The accident out of which the injuries arose occurred at a place designated on the plans as station 78.  The subgrade of this portion of the highway had been completed, the roadbed being twenty-one and one-half feet wide.  Trucks drawing stones from a point to the east passed over this subgrade until they had reached station 78, when they crossed the shoulder of the new road to the old road, on which they proceeded further to the west; and, when empty, they returned over the same course.  The place where they crossed the shoulder was so narrow as to permit only one truck to pass at a time.

It was the duty of the plaintiff, as a loaded truck came from the east, to take from the driver a ticket showing the amount of his load and, by a special arrangement, to give to the driver of one truck, that of Verillo, as it returned empty, a ticket showing the amount he had taken on his last load.  This required the plaintiff, in order not to delay the work, to stand

in the middle of the roadway. On the day of the accident he saw a truck of the Smith Company approaching from the east, loaded, and walked to the center of the road so as to be upon its left side, that on which the driver was sitting, to take the ticket from him. It was not practical for the plaintiff to take the ticket while standing on the right side of the truck, because of the position of the driver and the height of the cab. As the plaintiff waited for the truck to come to him, he noticed the empty Verillo truck approaching from the west, about a hundred feet away. When the Smith truck reached him, the Verillo truck was already at or near the place where the trucks crossed the shoulder of the road and the Smith truck was forced to stop to let the other proceed far enough to clear the way. As the Smith truck stood in the roadway, the plaintiff, while getting the ticket from its driver, faced it, with his legs very close to the running board at the side of the cab. He then turned his back to it to give the ticket to the driver of the Verillo truck. That truck was then some twenty or twenty-five feet away, approaching slowly. It did not stop but passed so close that it was only some six inches from the plaintiff's legs. As he stood facing it, with his back to the Smith truck, the latter, without his knowing it, started. At the rear it had dual wheels and the outer one extended about six inches beyond the body of the truck. This wheel struck the heel of the plaintiff's right foot, throwing him down and seriously injuring him.

The jury could well have concluded that the driver of the Smith truck knew of the plaintiff's position in the roadway, almost touching the truck, of the approach of the Verillo truck so close as to leave the plaintiff little more than room to stand, and of the projection of his rear wheel some six inches beyond the body of his truck; they could reasonably have con-

cluded that he, as a reasonable man, should have anticipated that if he started his truck, before the Verillo truck had passed and the plaintiff had an opportunity to step away, the latter would be placed in a position where there was danger of injury to him; and that, in starting it, he was not using reasonable care to guard the plaintiff from such injury. The question of the driver's negligence was at least one for the jury.

The plaintiff in going to the middle of the roadway when trucks were approaching from opposite directions undoubtedly placed himself in a position of some danger. That act could have been found upon the evidence to be one of reasonable necessity in order that he might get the ticket from the driver of the Smith truck, seated upon the left side of the cab, an act that he was expected by his superior officer, the engineer in charge of the work, to perform, and one that was reasonably required in order to expedite the work. In determining whether or not he was guilty of negligence in going to the center of the roadway and standing there as the Verillo truck passed, these circumstances were proper for the jury's consideration, and his conduct should not have been judged upon the same basis as would that of a pedestrian crossing the highway. *Heimer* v. *Salisbury,* 108 Conn. 180, 183, 143 Atl. 749; *Jones* v. *Hedges,* 123 Cal. App. 742, 752, 12 Pac. (2d) 111; 3 Berry, Automobiles (7th Ed.) § 3.433. The jury might also properly have considered that the very narrow space in which the plaintiff stood was due to the fact that the driver of the Verillo truck drove it as near to the Smith truck as he did; they might have accepted the plaintiff's testimony that he did not know that the outer rear wheel of the Smith truck, which caused his injury, extended beyond the body of the truck; and they might have found that it was reasonable for him to rely, as he stated he did, upon the

fact that the Smith truck would not start until he had an opportunity to move further away from it. *Viretto v. Tricarico*, 116 Conn. 718, 720, 163 Atl. 345. Indeed, they could well have considered whether the plaintiff, with space to stand where he was in safety if the Smith truck did not move, would have been reasonably justified in attempting to cross in front of the Verillo truck which was approaching at a distance of only twenty to twenty-five feet. The issue of the plaintiff's contributory negligence should also have been submitted to the jury.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.