JOHN FERRAIRS *vs.* PEARL L. HEWES.

Hampden.    September 23, 1937. — September 12, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Contributory, In use of way. *Practice, Civil*, Auditor: motion to strike matter from report; Exceptions: whether error harmful.

Evidence of the circumstances in which a workman facing south when repairing a highway was struck by an automobile which had approached from the north shortly after he had looked in that direction and had seen a traffic officer at his post there, did not require a finding of contributory negligence of the workman.

A refusal to strike incorrect statements of law from an auditor's report before it was read to a jury was not prejudicial error in view of full and explicit instructions given to the jury at that time and later.

TORT. Writ in the District Court of Springfield dated November 13, 1935.

On removal to the Superior Court, the action was heard by an auditor and afterwards was tried before *Broadhurst,* J. There was a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

The case was submitted on briefs.

*A. L. Green, S. T. Bennett,* & *C. S. Lyon,* for the defendant.

*H. A. Moran* & *S. A. Moynahan,* for the plaintiff.

DONAHUE, J.   The plaintiff seeks to recover damages for personal injuries received by him while engaged in repairing a highway in the town of Southwick, as the result of being struck by an automobile owned and operated by the defendant.   The case was tried before a jury on the testimony of witnesses and the report of an auditor.   The case is here on exceptions to the refusal of the trial judge to strike out portions of the auditor's report before it was read to the jury, and to his refusal to direct a verdict for the defendant.

1. The evidence bearing on the issue of liability was conflicting.   We, therefore, here consider the evidence in its aspects most favorable to the plaintiff.   The plaintiff with other workmen had, for some weeks, been engaged in resurfacing a highway which ran north and south.   The work was being done on a hill and at the time of the accident work was in progress only on the westerly half of the highway.   The easterly half, for the width of at least twelve feet, was open both to southbound and to northbound traffic.   The defendant at the time of the accident was operating her automobile in a southerly direction up the hill.   Its speed was twenty to twenty-five miles an hour at the foot of the hill and about fifteen miles an hour at the time of the accident.   She had not noticed a sign which was at the bottom of the hill warning travellers that the road was under construction and that men were at work. A traffic officer was stationed on the easterly side of the highway about one hundred fifty feet down hill from the scene of the accident.   He waved a red flag and shouted to the defendant as she passed to slow down but she neither saw nor heard him.   At some point after passing the traffic

officer the defendant observed tha῀ men were at work on the highway. There was on the hill no vehicle other than the defendant's automobile moving in either direction on the portion of the highway open to travel. The day was clear, the road was straight, and there was nothing to obstruct the defendant's view of the plaintiff. He was working at the extreme westerly edge of the portion of the highway open to traffic with his back to the north, the direction from which the defendant came. There was nothing to prevent the defendant from keeping her automobile in the center of the easterly half of the road and thus avoiding a collision with the plaintiff. She, however, drove the automobile to the westerly edge of the travelled way, where it struck the plaintiff.

A conclusion was warranted that the defendant was negligent. She now makes no contention to the contrary. She does contend that negligence of the plaintiff contributed to causing his injury.

In addition to the facts above related, there was evidence warranting the finding of the following additional circumstances. A machine referred to as a stone spreader was in operation on the westerly half of the highway depositing crushed stone thereon which workmen were spreading and levelling. Nearby, for a period of four or five minutes preceding the accident, the plaintiff was moving in a southerly direction along the extreme westerly portion of the half of the road which was open to traffic. By means of a fork he was throwing loose stones which had come upon that half of the road back upon the part of the road which was under construction. The plaintiff testified that he did not remember when he last looked for traffic coming from the north, but that three or four minutes before the accident he looked down hill to the north, saw the traffic officer at his post and relied on the traffic officer not letting him get hurt. Shortly prior to the accident he looked to the south and saw no automobile approaching.

The plaintiff was rightfully on the highway. This is not a case where it can be said that the plaintiff exercised no care for his own safety. The question is whether it could

properly have been ruled as matter of law that the care used by him was inadequate. The extent of care which he was required to exercise depended upon all the dangers which he should reasonably have anticipated in the circumstances. No such situation existed in the highway in question as to require him continuously to look for automobiles coming from the north. The plaintiff was not crossing the travelled road; he was proceeding, as he worked, in a southerly direction along its westerly edge. Shortly before the accident, the plaintiff looked to the south and saw that no automobile was approaching from that direction. Three or four minutes before the accident he looked to the north and saw that the traffic officer was at his post. He had the right to rely to some extent on the officer protecting him from injury from automobiles coming from the north. We do not think that the plaintiff's testimony must be construed as meaning that he placed all reliance for his safety on the officer. The plaintiff had the right to rely to some extent on the operator of any automobile coming from the north exercising some care to avoid hitting him. He was not bound to assume that the operator of such an automobile, having the plaintiff in plain view, with ample space to pass in safety, would unnecessarily drive the automobile to the extreme right of the travelled portion of the way and run him down.

In all the circumstances, as they might have been found by the jury, it could not properly have been ruled that, as matter of law, negligence of the plaintiff contributed to cause his injury. *Dube* v. *Keogh Storage Co.* 236 Mass. 488, 492. *Burns* v. *Oliver Whyte Co.* 231 Mass. 519. *Quirk* v. *Holt*, 99 Mass. 164. The defendant's motion for a directed verdict, which was based on the grounds that the evidence did not warrant a finding that the defendant was negligent or that "the plaintiff was in the exercise of due care," was rightly denied.

2. The auditor, in addition to findings of fact, included in his report various statements as to the legal duties and rights of the plaintiff and of the defendant in the circumstances found by him to exist, which statements were in

part at least not accurate statements of law. At the trial in the Superior Court, when counsel for the plaintiff had offered the report in evidence, but before the reading of it, the defendant presented to the judge three written motions which asked that there be struck from the report quoted portions thereof purporting to state the legal duties and rights of the parties and also the sentences: "I rule therefore that the plaintiff was not contributorily negligent" and "I find the plaintiff entitled to recover from the defendant for pain and suffering, medical expenses, and loss of earning capacity in the amount of $1950." The stated grounds of the motions were that the findings and rulings of the auditor were based on a wrong "interpretation of the law governing the case." The judge denied the motions and the defendant excepted.

Although the judge did not actually strike from the report the portions which the defendant sought to have eliminated, he effectually removed from the consideration of the jury the statements of law to which the defendant objected. Before the reading of the report began, and again when the portions objected to were reached in the reading, and again after the reading was completed, the judge clearly and at length instructed the jury as to the effect to be given to the report and as to the portions to which objection was made. What he then said at much greater length is here briefly summarized. He told the jury in substance that the report could not be understood if the objectionable portions were actually struck out, that the jury, however, must pay no attention whatsoever to the statements as to the parties' rights and duties, that they must confine their attention strictly to parts of the report where the auditor found facts, that they should take as the law governing the case not what the auditor said, but what the judge would tell them in his charge, and that in considering the fact that the auditor made a finding for the plaintiff they should give it weight only if the law as stated by the auditor accorded with the law which would be given to the jury in the judge's charge.

The bill of exceptions states the contention of the defend-

ant at the trial to have been that the failure of the judge actually to strike from the report the portions to which the defendant objected was prejudicial because the jury had presented for its consideration the report with the objectionable portions incorporated. The giving of instructions to the jury by a trial judge is an appropriate method of eliminating erroneous statements of law made by an auditor in his report. *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 398. *Osadchuk* v. *Gordon,* 251 Mass. 540, 545. *Greene* v. *Corey,* 210 Mass. 536, 546. The trial judge in the present case, when the report was admitted, clearly and emphatically told the jury to disregard the statements of law made by the auditor, and it must be assumed that the jury followed his instructions. The defendant at the close of the evidence filed no requests for instructions and she took no exception to the charge. The instructions given to the jury by the judge when the report was admitted in evidence must be held to have effectively eliminated from the consideration of the jury the statements of law to which the defendant objected. There was no prejudicial error in refusing actually to delete from the report these statements.

The defendant makes in this court the further contention that there was error in the refusal of the judge to strike from the report the portions to which the defendant objected, because of the provision in the statute respecting auditors' reports that "the court at the trial shall exclude any finding of fact which appears in the report to be based upon an erroneous opinion of law." G. L. (Ter. Ed.) c. 221, § 56. This language applies to the exclusion of findings of fact, not of rulings of law. The motions of the defendant for the most part sought the exclusion not of findings of fact but of rulings of law as to the legal rights and duties of the plaintiff and the defendant. Those rulings of law which we have earlier considered are not embraced in the language of the statute just quoted, which pertains only to the exclusion of findings of fact.

The auditor's general finding for the plaintiff and his finding that the plaintiff was not contributorily negligent

involve the application of law to facts. As to these findings, if we assume that the defendant's contention, here made for the first time, is open to her, we find no prejudicial error. At the time the report was admitted in evidence the judge instructed the jury in substance that in considering the fact that the auditor made a finding for the plaintiff they should give it weight only if the law stated by the auditor accorded with the law which would be given by the judge in his charge.

*Exceptions overruled.*