DAVEY CLAY ET AL. *v.* LAURA TEACH ET AL.
(13437)

FOTI, HEIMAN and HENNESSY, Js.

Argued February 15—decision released April 18, 1995

*Frederic E. Mascolo,* for the appellant (plaintiff Martin Hayre).

*Thomas M. Murtha,* with whom, on the brief, was *Andrew B. Goodwin,* for the appellees (defendants).

HENNESSY, J. The plaintiff Martin Hayre[1] appeals from the judgment of the trial court rendered after a jury verdict for the defendants on the issue of damages. Summary judgment had previously been granted in favor of the plaintiff on the issue of liability. The plaintiff claims that the trial court improperly refused to set aside the verdict as inconsistent. We disagree and affirm the judgment of the trial court.

---

[1] Although the original plaintiffs in this action were the driver of an automobile, Davey Clay, and his passenger, Martin Hayre, Clay withdrew his claims prior to trial. The trial was limited to Hayre's claims and he is referred to as the plaintiff in this appeal.

The following facts form the basis of this appeal. The plaintiff brought this action to recover for injuries received in a motor vehicle accident. The trial court granted summary judgment in favor of the plaintiff on the issue of liability and the matter proceeded to a trial limited to damages. In opening statement, the defendants' counsel told the jury that he would establish that none of the plaintiff's injuries had been proximately caused by the accident involving the defendants' automobile. During closing argument, the defendants' counsel argued that the evidence did not establish that the plaintiff's injuries had been proximately caused by the accident. The trial court then instructed the jury that, as an essential part of his case, the plaintiff was required to prove, by a preponderance of the evidence, that this accident had been the proximate cause of his injuries. The plaintiff did not object to the defendants' opening statement or closing argument, nor did he object to the jury instructions. Furthermore, the plaintiff consented to the submission to the jury of both a plaintiff's verdict form and a defendants' verdict form. After deliberations, the jury returned a verdict in favor of the defendants.

We review a trial court's refusal to set aside the verdict to determine whether the trial court abused its discretion. *Biagioni* v. *Aetna Life & Casualty Co.*, 16 Conn. App. 690, 692, 549 A.2d 279 (1988). "Because a trial court is in a better position than an appellate court to determine whether a jury's verdict was improperly influenced, its decision should be given great weight and every reasonable presumption of correctness should be accorded to it. . . . A jury's verdict should not be set aside unless it so shock[s] the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption." (Citations omitted; internal quotation marks omitted.) *Childs* v. *Bainer*, 35 Conn. App. 301, 303, 645

A.2d 1041, cert. granted, 231 Conn. 924, 648 A.2d 162 (1994), citing *Brennan* v. *Manlapaz*, 19 Conn. App. 71, 74, 560 A.2d 988 (1989).

The plaintiff argues that this case is controlled by *Malmberg* v. *Lopez*, 208 Conn. 675, 681, 546 A.2d 264 (1988), in which our Supreme Court held that a jury verdict finding the issues for the party seeking to recover damages but awarding zero damages was inconsistent and should be set aside and a new trial ordered as to both liability and damages. See also *Ginsberg* v. *Fusaro*, 225 Conn. 420, 425, 623 A.2d 1014 (1993). In *Malmberg*, the jury was considering both the issue of liability and damages in a single trial, and the verdict rendered was inherently ambiguous in that it was impossible to ascertain, without engaging in speculation, whether the jury was "confused about the proper measure of damages or whether they were confused about the proper rules for determining liability, or both." *Malmberg* v. *Lopez*, supra, 682, citing *Freshwater* v. *Booth*, 160 W. Va. 156, 160–61, 233 S.E.2d 312 (1977). In this case, because summary judgment had already resolved the issue of the defendants' liability, there is no such ambiguity in the jury's verdict for the defendants on the issue of damages and *Malmberg* is inapposite.

Instead, this case is controlled by *Riccio* v. *Abate*, 176 Conn. 415, 407 A.2d 1005 (1979). In *Riccio*, the trial court granted summary judgment in favor of the plaintiff with regard to liability and the case was tried to a jury solely on the issue of damages. Two verdict forms were submitted to the jury, one for the plaintiff and one for the defendant, and the jury returned a verdict in favor of the defendant. Our Supreme Court held that "[e]ven though the defendants were found liable when the court granted the plaintiff's motion for summary judgment, the burden of proof as to the amount of damages sustained was upon the plaintiff; and the jury in

this case [was] the ultimate judge of the credibility of witnesses and the weight to be accorded their testimony. . . . The verdict returned in this case showed that the jury chose to believe the defendants and not the plaintiff. In testing that verdict, the trial court had wide discretion. We conclude that it did not abuse that discretion in denying the plaintiff's motion to set aside the verdict." (Citations omitted; internal quotation marks omitted.) Id., 418.

Our Supreme Court has noted that the rendition of summary judgment as to liability establishes " 'the fact that a technical legal injury ha[s] been done . . . to the plaintiff, and this entitle[s] the plaintiff to at least nominal damages.' "[2] *Rubin* v. *Rios*, 186 Conn. 754, 756, 443 A.2d 1273 (1982); see also *Riccio* v. *Abate*, supra, 176 Conn. 418–19. Thus, the jury's failure to award at least nominal damages, and the return of a verdict for the defendants on the issue of damages, is technically incorrect. Nevertheless, we will not ordinarily reverse and grant a new trial for the mere failure to award nominal damages. *Riccio* v. *Abate*, supra, 419. The difference between no damages and nominal damages does not shock the sense of justice and automatically mandate a new trial. This is especially true when the plaintiff has consented to the submission of the defendants' verdict form to the jury. Id., 418 n.1. We conclude that the trial court did not abuse its discretion in denying the motion to set aside the verdict and permitting the verdict to stand.[3]

---

[2] For this reason the trial court should not have submitted a defendant's verdict form to the jury. *Rubin* v. *Rios*, 186 Conn. 754, 756, 443 A.2d 1273 (1982); *Riccio* v. *Abate*, supra, 176 Conn. 418.

[3] This case, like *Riccio* v. *Abate*, supra, 176 Conn. 415, can be distinguished from the factually similar case of *Rubin* v. *Rios*, supra, 186 Conn. 756–57, in which our Supreme Court ordered a new trial on damages because it could not be determined "whether the defendants' verdict [on damages] represented a rejection of the plaintiff's claims concerning damages, or a finding that the no-fault thresholds were not crossed . . . ." Here, the

The judgment is affirmed.

In this opinion the other judges concurred.

sole issue in the trial on damages was the plaintiff's ability to sustain the burden of proving damages relating to the car accident caused by the defendants. In these circumstances, there is no inherent ambiguity, or evidence of confusion, in a jury's verdict for the defendants.