## RICHARD POWERS ET AL. *v.* RUDOLPH FARRICELLI ET AL.
### (14834)

O'Connell, Foti and Hennessy, Js.

Argued September 16—officially released October 29, 1996

*Richard M. Franchi*, for the appellant (named plaintiff).

*Terrence J. Molinari*, with whom, on the brief, was *David J. Dwyer*, for the appellees (defendants).

FOTI, J. The plaintiff Richard Powers[1] appeals from the judgment rendered for the defendants after a jury

---

[1] A second plaintiff, Lisa Marie Powers, withdrew her claim against the defendants on March 2, 1995. We refer to Richard Powers as the plaintiff in this opinion.

trial. The plaintiff claims that the trial court improperly (1) instructed the jury and (2) decided his motion to set aside the verdict before a motion for additur could be presented to the court.[2] We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. The defendants, Rudolph Farricelli and Nora Farricelli, owned a house at 105 Tyler Street in West Haven, which needed shingles on its roof replaced. They asked the plaintiff, a friend, to assist in this task. The plaintiff agreed to help them without compensation. On September 10, 1988, after the plaintiff had removed some shingles, he stepped on the exposed wood and fell through the roof. He stopped the fall with his arms, causing his left elbow to dislocate and fracture.

I

The plaintiff first claims that the trial court improperly instructed the jury instead of answering the jury's question as presented. During deliberation, the jury delivered the following written request: "We would like to confirm that plaintiff's verdict # 2 would be the appropriate form to use if we find both plaintiff and defendant equally at fault without any monetary award." The question was signed by the foreperson and dated. In response, the trial court reread a portion of its charge and further instructed the jury. In support of this claim, the plaintiff cites *Fox* v. *Colony T.V. & Appliance, Inc.*,

---

[2] This issue as framed on appeal is: "Did the court erroneously decide the plaintiff's motion to set aside the verdict before an additur could be presented by the court?"

In his preliminary statement of issues, the plaintiff listed the issue: "Did the court fail to stay its decision as the plaintiff's motion to set aside the verdict until an additur could be presented by the court?" The plaintiff had simultaneously filed both a motion to set aside the verdict and a motion for stay of the court's decision as to his motion to set aside the verdict. Both were denied. We sua sponte ordered this issue stricken as an apparent improper attempt to obtain a review of an order concerning a stay of execution by appeal rather than by a motion for review. Practice Book § 4049.

37 Conn. App. 453, 656 A.2d 705, cert. denied, 233 Conn. 915, 659 A.2d 185 (1995).[3]

As a preliminary matter, we must determine whether this claim is precluded from review. The plaintiff failed to object to this instruction as given or to note his exception to the method in which the trial court responded to the jury's inquiry. Additionally, it appears from the record, and the plaintiff concedes, that he agreed to both the method and the instruction. After the court and the parties were made aware of the question posed by the deliberating jury, counsel for the parties met in chambers with the trial judge to discuss the proper way to handle the situation. All agreed that the question may have been confusing and that a simple yes or no response would be inadequate. Both counsel agreed with the trial court that the proper method of proceeding would be to reread certain portions of the instruction. The judge and both counsel then reviewed the instruction as given to the jury and agreed on which portions would be reread, including that portion of the charge dealing with the proper use of the jury verdict forms. Both counsel confirmed on the record that they had agreed with the judge's method and instruction.

The plaintiff first raised his dissatisfaction with the trial court's response to the jury's written request in his motion to set aside the verdict filed two days after the jury verdict was accepted. The plaintiff claims that he "did give the trial court the opportunity to correct its error by bringing the matter [to] the attention of the court in the motion to set aside the verdict" and, therefore, our review should be by a standard of "abuse of discretion." He claims for the first time in his reply brief that he is entitled to plain error review in that the interests of justice require it and that both parties and

---

[3] That decision was published subsequent to the trial court's denial of the plaintiff's motion to set aside the verdict.

the court overlooked "controlling common law precedent." We do not agree.

Our Supreme Court has "made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial." *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 616, 236 A.2d 466 (1967). This same principle requires "parties to raise an objection, if possible, when there is still an opportunity for the trial court to correct the proposed error." *Tessman* v. *Tiger Lee Construction Co.*, 228 Conn. 42, 57 n.10, 634 A.2d 870 (1993); see also *Knock* v. *Knock*, 224 Conn. 776, 792, 621 A.2d 267 (1993). Unquestionably, it was possible for the plaintiff to object in a timely fashion to allow the trial court an opportunity to correct any claimed error in the procedure or the instruction. Raising that objection as an issue for the first time in a motion to set aside the verdict, obviously does not allow such a possibility because the jury has been excused. When we speak of correcting the claimed error, we mean when it is possible during that trial, not by ordering a new trial. We do not look with favor on parties requesting, or agreeing to, an instruction or a procedure to be followed, and later claiming that that act was improper. We therefore do not reach the merits of the plaintiff's claim. See Practice Book § 315.

We also decline the plaintiff's invitation to afford plain error review to this claim. Such review is granted only in extraordinary situations where the error is so obvious that it affects the fairness and integrity of public confidence in the judicial proceeding. See Practice Book § 4061; *State* v. *Taheri*, 41 Conn. App. 147, 153, 675 A.2d 458, cert. denied, 237 Conn. 931, 677 A.2d 1374 (1996). We have carefully reviewed the trial court's jury

instructions and conclude that the plaintiff's claim of error does not merit consideration under the plain error doctrine.

## II

The plaintiff next alleges that the trial court improperly denied his motion to set aside the verdict. On appeal, the plaintiff claims only that the amount of the verdict was inadequate.[4] He argues that the denial of his motion to set aside the verdict was improper because the court's action was accomplished before he presented a motion for additur, or in the alternative, that the court itself should have set an amount as an "additur."[5]

The plaintiff correctly argues that, even absent his filing a motion for additur, the trial court has the right to conclude at the end of the trial that the verdict is inadequate as a matter of law and may order an additur pursuant to General Statutes § 52-216a.[6] The plaintiff contends that the trial court should have set an amount as an additur and presented that to the parties allowing a reasonable time for the acceptance of that amount. The plaintiff mistakenly relies on *Jeffries* v. *Johnson*, 27 Conn. App. 471, 478, 607 A.2d 443 (1992), where we concluded, after the jury had returned a verdict in favor of the plaintiff, that the trial court should have ordered an additur pursuant to General Statutes § 52-228b[7] rather than ordering a new trial.

[4] A review of the plaintiff's motion to set aside the verdict reveals that "inadequacy of the amount" was not the sole basis for the motion.

[5] The word "additur" is defined as "[a]n increase by the court in the amount of damages awarded by the jury." Ballentine's Law Dictionary (3d Ed. 1969).

[6] General Statutes § 52-216a provides in pertinent part: "If [at the conclusion of the trial] the court concludes that the verdict is inadequate as a matter of law, it shall order an additur . . . ."

[7] General Statutes § 52-228b provides: "No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed

The plaintiff cannot prevail on his claim because the jury returned a verdict for the defendants. Section 52-228b is inapplicable because it applies only to a verdict for the plaintiff that may be deemed to be inadequate.[8] A court may not order an additur to a defendant's verdict.[9] Accordingly, because the trial court in this case could neither grant the plaintiff's motion for additur nor order an additur on its own, it properly denied the plaintiff's motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.

and heard after notice to the adverse party according to the rules of the court. No such verdict may be set aside solely on the ground that the damages are excessive unless the prevailing party has been given an opportunity to have the amount of the judgment decreased by so much thereof as the court deems excessive. No such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable."

[8] Our standard of review of a trial court's decision to grant or to deny a motion to set aside a verdict as inadequate as a matter of law is that of an abuse of discretion. *Black* v. *Goodwin, Loomis & Britton, Inc.*, 239 Conn. 144, 167, 681 A.2d 293 (1996).

[9] General Statutes § 52-228a permits an appeal by a party aggrieved by the court order of additur only on the issue of damages; the judgment on the verdict of liability stands.