[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court at this time are plaintiff's motion for additur and the bills of costs for each party. It is also likely that a plaintiff's motion to set aside the verdict is also at issue.[1]
This decision is best gotten underway by announcing that the motion for additur is denied. As importantly, it should be noted that this result would obtain regardless of whether the jury had returned a plaintiff's verdict with zero/nominal damages or, as it did, a defendant's verdict.
This is so because the injury aspect of the case was vigorously contested, indeed impugned, and the jury was within reasonable bounds in rejecting it entirely. One might briefly note, for example, that the two largest aspects of the injury claim involved cervical spinal surgery and aggravation of plaintiff's pre-existing lupus condition. A defense expert physician voiced dispute with the necessity of the surgery and defense counsel elicited from a physician-witness of plaintiff a number of factors known to aggravate lupus, some of which arguably were present in plaintiff's life unrelated to, and prior to, the accident under litigation. "The existence of conflicting evidence limits the court's authority to overturn a jury verdict. The jury is entrusted with the choice of which evidence is more credible and what effect it is to be given." Ford v. Blue Cross, 216 Conn. 40,58 (1990), cited in Childs v. Bainer, 235 Conn. 107, 117 (1995). Nor is this a case where the jury intended to award damages but did so inadequately, as in Johnson v. Franklin, 112 Conn. 229 (1930).
Instead, this jury, it seems vastly more likely, followed the court's instructions that: "[I]f you should find that the plaintiff has proven no proximately caused damages, then your verdict should CT Page 4110 be for both defendants. . . ." Also, later in the charge, "if you should determine that Ms. Macy has not established that there was any harm or economic loss, or any injury proximately caused by the admitted negligence in the accident, then you would render a defendant's verdict form [sic] and you'll see on that form . . . there's no space for money damages." Said jury was also charged that "if the verdict is for the defendant, there is no monetary figure that is necessary and if the verdict is for the plaintiff, then a monetary figure is necessary."
Thus, it seems certain to the court that the jury's response was unambiguous, thus removing another rationale for alteration of the verdict by additur or by setting it aside. See, e.g., Malmbergv. Lopez, 208 Conn. 675 (1988).
This court's thinking was different upon first reading (or misreading) plaintiff's brief on the topic of the unavoidably proximately caused property damage. Had it been so that the 1991 auto repair work ($3,680.52 and $511.09) was incurred as a cost to plaintiff, the court would have felt compelled to set aside the verdict in order to have a plaintiff's verdict onto which an additur would more comfortably rest.[2]
However, close examination of the briefs and the citations to transcript defendants provided reveals that the aforesaid bills were not proffered as damages but as if to illustrate severity of impact. This is even more abundantly made clear by the fact that plaintiff Jacalyn Macy testified that defendants paid those bills prior to trial. More specifically, the first two bills of a package of 4 (in trial Plaintiff's Exhibit #68) were paid by defendants prior to trial. As to the last two, incurred in 1992 (the accident occurred June, 1991), the transcript reveals that defendant's not only did not pay, but wished to contest causation and it emerged that counsel for plaintiff sought their introduction (and that of all four bills within Exhibit #68) "for the amount that it cost to fix the car," including the 1992 bills. This statement by plaintiff's counsel is to be coupled with his negative response to defense counsel's inquiry as to whether the bills were proffered "for the purpose of seeking damages." (Trial transcript, June 27, 1996, Pgs. 11-13, as paginated in the excerpt provided).
Thus, the single area of economic damages which was clearly covered by defendants' admission of negligence,[3] and which might have prompted this court to set aside the verdict and enter a verdict for plaintiff and order an additur, is, under scrutiny, not CT Page 4111 a claim for damages at all, but more correctly to be seen as evidence intended to merely tend to show heavy impact.
It is also to be noted that the submission of defendants' verdict forms to the jury was not excepted to post-charge and was agreed to pre-charge. See, Clay v. Teach, 37 Conn. App. 556
(1995). Nor did plaintiff seek a charge to the effect that a rejection of money damages should yet produce a nominal damage verdict for plaintiff. See, Rubin v. Rios, 186 Conn. 754 (1982).
Tangentially, had this court set aside the verdict and ordered a plaintiff's verdict and an additur for the property damage, serious doubt exists as to whether such a result would have prompted awarding of costs purportedly associated with establishing medical claims. Of the submitted plaintiff's bill costs totalling $31,043.97, only $4,731.77 appear to fall safely clear of the personal injury/medical care realm. This is simply to suggest that when a verdict is properly to be upheld, which rejects the claim of proximately caused bodily harm, while (hypothetically) favoring a property damage claim, one must doubt whether costs incurred in the futile quest are to be awarded. This is academic, however, in that no plaintiff's verdict of any kind is ordered.
Plaintiff's motions to set aside the verdict and for additur are denied.
Left for resolution are issues raised by the opposing bills of costs. Plaintiff seeks $31,043.77 and defendants seek $11,885.61. Plaintiff claims entitlement on the proposition that "[t]he day the defendants admitted negligence, the plaintiff won the case."[4]
Defendants rely upon C.G.S. § 52-257 and, in the narrower context of their offer of judgment, rejected by plaintiff, upon C.G.S. § 52-195
and Practice Book § 344.
Given the size of the costs claimed and the absence at this time of citations to trial evidence, (in testimony and documents) and the fact that the claims set forth superficially appear to overreach that which is allowed, the court believes it best proceed formally and for the parties to set these requests before the clerk's office and, if needed, bring them back to this court on appeal. See, Practice Book § 412.
NADEAU, J.