JACALYN MACY *v.* KEITH LUCAS ET AL.
(AC 17020)

Foti, Mihalakos and Daly, Js.[1]

---

[1] This appeal was argued before a panel comprised of Judges Foti, Mihalakos and Daly. Although Judge Daly agreed with the other judges regarding the resolution of this appeal, he died before he had the opportunity to concur with the written decision. The parties stipulated, however, that they would not reargue the appeal to this court with a panel consisting of the original two judges and an additional judge. Rather, the parties stipulated that they would permit the remaining two judges alone to render a decision.

Argued May 30—officially released September 3, 2002

*Alan Scott Pickel,* for the appellant (plaintiff).

*Karen L. Karpie*, for the appellee (defendant).

*Opinion*

MIHALAKOS, J. In this negligence action, the plaintiff, Jacalyn Macy, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendants, Keith Lucas[2] and Davis Waste Management, Inc. (Davis). On appeal, the plaintiff claims that the court improperly (1) denied her motion to set aside the verdict and (2) instructed the jury on how to arrive at a verdict.[3] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On June 26, 1991, the plaintiff was driving her motor vehicle west on West Putnam Avenue near its intersection with Livingston Place in Greenwich. Driving on an uphill incline, she slowed to turn right into the lot of a car dealership and activated her turn signal. At that time, a Mack truck owned by Davis and operated by Lucas struck the rear of the plaintiff's vehicle.

The plaintiff sustained no injuries from the collision and exited her vehicle on her own. She also spoke to Lucas, walked into the nearby car dealership, spoke to people inside and called the police. The plaintiff then returned to the scene of the accident and waited for

[2] From the record, it appears that Lucas died in 1995 and that Elva Jess, the executrix of Lucas' estate, thereafter was substituted as a defendant. For convenience, we refer to Lucas as a defendant.

[3] We decline to review the plaintiff's claim that the court improperly denied her motion for an additur because she has failed to brief the issue adequately. In her appellate brief, the plaintiff makes the bare assertion, in her statement of the issue only, that the motion for an additur improperly was denied. She then makes no reference, relative to that issue, to the facts of the case or to applicable law. Indeed, the plaintiff frames her entire discussion in that portion of her brief around her claim that the court improperly denied her motion to set aside the verdict. Accordingly we deem abandoned her claim concerning the motion for an additur. See *State* v. *Thompson*, 71 Conn. App. 8, 23, 799 A.2d 1126 (2002) (" '[a]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court' ").

the police to arrive. Although she spoke with the responding police officer, she did not report any injury to the officer. The plaintiff also gave a brief business presentation to the dealership. Soon thereafter, she drove her vehicle from the accident scene to her office. The vehicle had not been damaged to the point of requiring that it be towed.

At the suggestion of her employer, Edward Eglowsky, the plaintiff and Eglowsky went to the Greenwich Hospital emergency room, where a physician examined her and X rays were taken after she reported neck and shoulder discomfort. After the examination, the attending physician noted that the plaintiff had a muscle sprain in her neck, and instructed her to use a cervical collar and to see a private physician if necessary. Despite her alleged injuries, she returned to work for the day. The plaintiff's medical treatment at the emergency room, however, was not causally related to the June 26, 1991 accident. Rather, her various ailments and the medical treatment she received for them stemmed from preexisting medical conditions and other unrelated stresses and factors, including accidents in which she previously had been involved.

The following procedural history also is relevant to the plaintiff's appeal. On August 19, 1992, the plaintiff initiated this action to recover damages allegedly related to the accident. On June 3, 1996, she filed an amended complaint, which alleged that as a result of the accident caused by Lucas' negligence, she suffered numerous severe, painful and permanent injuries, continuing physical, emotional and mental pain and anguish, and considerable financial loss. In their answer to the amended complaint, the defendants admitted that Lucas had operated a truck that was owned by Davis, that while Lucas drove the truck, it collided with the plaintiff's vehicle and that the "collision was caused by the negligence of the defendant Keith Lucas in that he

failed to keep a proper and reasonable lookout for other vehicles upon the roadway . . . ." Within the same answer, the defendants denied that the plaintiff suffered any injuries from the collision or that Lucas was in any other way negligent or careless.

The court instructed the jury and, without objection from the plaintiff's counsel, provided it with both a plaintiff's verdict form and a defendants' verdict form. The jury returned a verdict in favor of the defendants on all issues. The plaintiff then filed a motion to set aside the verdict and for a new trial, which was denied. She also filed a second motion to set aside the verdict and a motion for an additur. In an April 14, 1997 memorandum of decision, the court denied both of those motions.

In that memorandum, the court ruled that the jury reasonably could have rejected entirely the injury aspect of the plaintiff's claims because the jury was entitled to determine which conflicting evidence it believed concerning those claims. Further, the court stated that the jury, very likely following the court's instructions closely, unambiguously awarded no damages to the plaintiff and found for the defendants. The court also stated that it might once have felt compelled to set aside the verdict and to order an additur due to the defendants' admission of negligence. Nonetheless, the court held that after further analysis, it no longer felt such a compulsion because it became clear that certain evidence related to the cost of repairing the plaintiff's vehicle was "not a claim for damages at all, but more correctly [should] be seen as evidence intended to merely tend to show heavy impact."[4] Finally, the court noted that whether the plaintiff should have

---

[4] The court also noted that according to the plaintiff's testimony, the defendants had paid those costs before the trial commenced. Further, the court noted that the plaintiff's counsel expressly stated that two unpaid bills were not offered into evidence to show damages.

been awarded a verdict with certain nominal damages was academic because the jury returned a defendants' verdict, and the "submission of the defendants' verdict forms to the jury was not excepted to postcharge and was agreed to precharge." This appeal followed.[5] Additional facts and procedural history will be provided as necessary.

## I

The plaintiff first claims that that the court improperly denied her motion to set aside the verdict. In support of that claim, she argues that because the court explained in its memorandum of decision that it initially would have felt compelled to set aside the verdict had the repairs to her vehicle been a cost to her, the court could not legally and logically do otherwise with regard to certain economic damages. Further, the plaintiff asserts that the defendants' admission of negligence necessitated setting aside the verdict and rendering judgment in her favor because an admission of negligence includes an admission of all of the elements of a cause of action in negligence, including causation and actual injury. The plaintiff also contends that the defendants made a judicial admission of actual injury during their closing argument to the jury. Finally, the plaintiff argues that the jury's verdict should be set aside because it shocks the sense of justice in that not even nominal damages were awarded despite the admission of liability. We disagree with each of those supporting contentions and, therefore, the overarching claim as well.

Our standard of review for a challenge to a denial of a motion to set aside a verdict is well established. "The

---

[5] It appears from the plaintiff's appellate brief that she is appealing from the denial of her second motion to set aside the verdict. Except for her request in her first motion that a new trial be ordered, the denial of which is not at issue here, the two motions were identical.

evidence must be considered, along with reasonable inferences, in the light most favorable to the parties who were successful at trial with weight given to the judgments of the judge and jury. . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached their conclusion. . . . A trial court may set aside or direct a verdict on a finding that the verdict is manifestly unjust because the jury, on the basis of the evidence presented, mistakenly applied a legal principle or because there is no evidence to which the legal principles of the case can be applied. . . . While we do not attempt to substitute our judgment for that of the trial judge, we must determine whether the jury award was such that the trial judge could have properly substituted his judgment for that of the jury. . . . To determine whether the trial court abused its legal discretion, this court must consider the entire record and all of the evidence. . . . A trial court's ruling to set aside the verdict will not be overturned on appeal unless the trial court abused its discretion. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . [Moreover, we do not] determine whether a conclusion different from the one reached could have been reached." (Citations omitted; internal quotation marks omitted.) *Krondes* v. *O'Boy*, 69 Conn. App. 802, 806–807, 796 A.2d 625 (2002). With those principles in mind, we address each of the plaintiff's arguments in support of her claim.

### A

The plaintiff first argues that because the court explained in its memorandum of decision that it initially would have felt compelled to set aside the verdict had

the repairs to her vehicle been a cost to her, the court could not legally and logically refuse to set aside the verdict and that economic damages should have been awarded on the basis of certain of her medical bills. As the plaintiff has misread the court's memorandum of decision, we cannot agree.

By way of explanation, the court stated that it initially *would have* had the compulsion to set aside the verdict on the basis of what it believed to be evidence of damages. The court then stated, however, that this was a misconception on its part and that the evidence in question, the cost of repairs to the plaintiff's vehicle, had been offered only to demonstrate the severity of the impact in the accident. That explanation is not legally and logically inconsistent with the court's denial of the plaintiff's motion to set aside the verdict. In fact, quite the contrary is true. Were the court to have explained its reasoning in the same way and then set aside the verdict as well, it would have acted illogically. Further, as the court noted and as the record reflects, the plaintiff's counsel acknowledged that the cost of repair evidence was not offered to demonstrate damages. Similarly, the plaintiff's attempt to apply the court's analysis to a claim for damages related to her emergency room bills equally is unavailing because although evidence of such costs was presented, it was for the jury to determine whether those costs causally were related to the accident; see *Mack* v. *LaValley*, 55 Conn. App. 150, 163–64, 738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363 (1999); and, therefore, whether to award damages. See *Hunte* v. *Amica Mutual Ins. Co.*, 68 Conn. App. 534, 541–42, 792 A.2d 132 (2002). Accordingly, after carefully reviewing the entire record, we fail to see how the court acted in abuse of its discretion relative to the plaintiff's claim.

B

Next, we turn to the plaintiff's argument that the defendants' admission of negligence necessitated set-

ting aside the verdict because that admission constituted an admission of all the elements of a cause of action in negligence.[6] "[T]he interpretation of pleadings is always a question of law for the court . . . . We have pointed out that [t]he burden [is] upon the pleaders to make such averments that the material facts should appear with reasonable certainty; and for that purpose [the pleaders] were allowed to use their own language. Whenever that language fails to define clearly the issues in dispute, the court will put upon it such reasonable construction as will give effect to the pleadings in conformity with the general theory which it was intended to follow, and do substantial justice between the parties." (Internal quotation marks omitted.) *Gould* v. *Hall*, 64 Conn. App. 45, 53, 779 A.2d 208 (2001). A proper reading of the defendants' answer, in conjunction with the plaintiff's amended complaint, can be that the defendants admitted to having caused only the collision, but that they denied that there was a causal relationship between that wrongful conduct and the plaintiff's claimed injuries.[7] In other words, the defendants admit-

---

[6] "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) *Bonan* v. *Goldring Home Inspections, Inc.*, 68 Conn. App. 862, 871, 794 A.2d 997 (2002).

[7] The plaintiff's amended complaint states in relevant part:

"2. [A] 1979 Mack truck owned by the defendant, Davis Waste Management, Inc., and operated by the defendant, Keith Lucas . . . collided with the rear of the plaintiff's vehicle causing the plaintiff, Jacalyn Macy, to sustain the injuries and other losses hereinafter set forth. . . .

"4. The aforesaid collision was caused by the negligence and carelessness of the defendant, Keith Lucas, in one or more of the following respects . . .

"(d) In that he failed to keep a proper and reasonable lookout for other motor vehicles upon the highway . . . .

"5. As a result of the negligence and carelessness of the defendant, Keith Lucas, the plaintiff, Jacalyn Macy, sustained . . . severe, painful and permanent injuries . . . ."

Paragraphs six through eleven of the amended complaint alleged further injuries and losses.

The defendants' answer states in relevant part:

"2. So much of paragraph 2 as alleges that at said time and place a 1979 Mack Truck owned by the defendant, Davis Waste Management, Inc. and

ted to owing a duty and to having breached that duty, specifically, by failing to keep a proper and reasonable lookout for other motor vehicles on the roadway, but they did not admit to the causation or to the actual injury elements of a cause of action in negligence. To read the answer in any other way would permit recovery in all actions in which the defendants admit that they caused an accident. Such a reading, of course, would yield an untenable result.

Here, then, the burden remained on the plaintiff to "demonstrate that the defendants' negligence was the proximate cause of her injuries." *Mack* v. *LaValley,* supra, 55 Conn. App. 162; see also *Clay* v. *Teach,* 37 Conn. App. 556, 559, 656 A.2d 1065 (" '[e]ven though the defendants were found liable . . . the burden of proof as to the amount of damages sustained was upon the plaintiff' "), cert. denied, 234 Conn. 902, 659 A.2d 1205 (1995). The plaintiff apparently failed to carry her burden in the eyes of the jurors, who were the ultimate arbiters of that disputed issue. See *Mack* v. *LaValley,* supra, 162; see also *Clay* v. *Teach,* supra, 560. Accordingly, that aspect of the plaintiff's claim is unavailing and does not lead us to conclude that the court abused its discretion in denying her motion to set aside the verdict.

C

We next address the plaintiff's proposition that the court improperly denied her motion to set aside the

operated by the defendant, Keith Lucas . . . collided with the rear of the plaintiff's vehicle is admitted. *The remaining allegations of paragraph 2 are denied.* . . .

"4. So much of paragraph 4 as alleges that the aforesaid collision was caused by the negligence of the defendant Keith Lucas in that he failed to keep a proper and reasonable lookout for other motor vehicles upon the roadway is admitted. *The remaining allegations of said paragraph 4 are denied.*

"5–11. *Paragraphs 5 through 11, inclusive, are denied.*" (Emphasis added.)

verdict because the defendants had made a judicial admission of actual injury during their closing argument to the jury.[8] Specifically, the plaintiff asserts that during their closing argument, the defendants admitted that an accident occurred and that she suffered whiplash, muscle spasms and sprain or strain of the cervical spine as a result. That claim is without merit.[9]

The following additional procedural history is relevant to our disposition of the plaintiff's proposition. During closing argument, the defendants admitted that it was "undisputed that an accident occurred on June 26, 1991 . . . in Greenwich . . . and, yes, it was a Mack truck that hit the plaintiff's car." The defendants strongly challenged the credibility of the plaintiff and her witnesses throughout their closing argument, however, by rebutting certain evidence that had been admitted at trial. The defendants questioned the veracity of a certain physician's diagnosis of whiplash.[10] Similarly,

---

[8] We note that the plaintiff also claims that the defendants made a judicial admission of actual injuries via their admission of negligence in their answer. We already have disposed of that claim in part I B regarding the interpretation of the pleadings, namely, that the defendants admitted in their answer to having caused only the collision, but not to having caused actual injury.

[9] Although the plaintiff sought in her request to charge to have the court instruct the jury that it was entitled to take admissions or concessions as true, she never requested that the court consider those particular statements as judicial admissions. Nonetheless, we review the plaintiff's claim in that regard as it relates to her overall claim that the court abused its discretion in denying her motion to set aside the verdict.

[10] The defendants' counsel, in closing argument, with regard to whiplash, stated in relevant part: "Now, then the plaintiff goes to see [her physician, Peter A. McCroskery] a few days after the accident and, according to his notes, she had a stiff neck, and you'll recall she had a stiff neck before the accident. . . . [H]is note indicates no loss of consciousness, no headaches. . . . No double vision. And he testified that there was no evidence of any head injury. There were no bruises and, also, he said she never told him she was thrown around in the vehicle . . . and then this is the visit where he asks her to squeeze his hand and he said he didn't think she was trying hard enough, and Dr. McCroskery's testimony was that there was no evidence of neurologic symptoms on that visit. *And what was his diagnosis? Whiplash. That is what we are talking about. Whiplash.*" (Emphasis added.)

the defendants discussed the plaintiff's claimed muscle spasm injury[11] and attacked her claim of having sustained a sprain or strain injury.[12]

"Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings." (Internal quotation marks omitted.) *LaSalle National Bank* v. *Freshfield Meadows, LLC*, 69 Conn. App. 824, 829–30, 798 A.2d 445 (2002). No reasonable view of the defendants' closing argument favors the plaintiff's claim that the defendants made a judicial admission through their statements. Indeed, viewed in their proper context, the defendants' statements flatly contest that the plaintiff suffered any injuries whatsoever. Accordingly, we conclude that the court did not abuse its discretion when it denied the plaintiff's motion to set aside the verdict.

## D

The plaintiff next argues that the court should have set aside the jury's verdict because it shocks the sense of

---

[11] The defendants' counsel, in closing argument, with regard to muscle spasm injury, stated in relevant part: "Now, you'll recall that I asked [the plaintiff's neurological surgeon, J. Syed Shahid] when he was testifying here whether or not muscle spasms can cause tingling and numbness that was mentioned in the records, and his response was, 'It can come from muscle spasm, absolutely.' *That's what we have, muscle spasm.*" (Emphasis added.)

We note that moments before making that statement, the defendants' counsel more closely called into question the postaccident diagnosis of muscle spasm by arguing that the plaintiff "had muscle spasm a month before the accident."

[12] The defendants' counsel stated in closing argument, with respect to that aspect of the plaintiff's claim: "*Another claim. Sprain, strain of cervical spine. You may feel that she strained her neck in this accident, that she had a whiplash. And that's the only thing that you may believe.* And if you believe that she had this sprain or strain, you should give her fair compensation for a whiplash injury. But the judge is going to tell you [that] you also have another option, and you may believe that the plaintiff was not injured at all in this accident, that the symptoms she had after the accident were the same as what she had before the accident." (Emphasis added.)

justice in that not even nominal damages were awarded despite the defendants' admission of liability. That argument easily may be disposed of because we have addressed it before. In *Clay* v. *Teach*, supra, 37 Conn. App. 560, we stated: "[T]he fact that a technical legal injury ha[s] been done . . . *to the plaintiff . . . entitle[s] the plaintiff to at least nominal damages.* . . . Thus, the jury's failure to award at least nominal damages, and the return of a verdict for the defendants on the issue of damages, is technically incorrect. Nevertheless, we will not ordinarily reverse and grant a new trial for the mere failure to award nominal damages. . . . The difference between no damages and nominal damages does not shock the sense of justice and automatically mandate a new trial. This is especially true when the plaintiff has consented to the submission of the defendants' verdict form to the jury." (Citations omitted; internal quotation marks omitted.) Here, we face a similar, if not identical, situation in that the defendants admitted to having caused the collision, the parties agreed to the submission to the jury of a defendants' verdict form and a plaintiff's verdict form, and the jury, evidently choosing not to believe the plaintiff, returned a defendants' verdict. We conclude, therefore, that the court did not abuse its discretion in denying the plaintiff's motion to set aside the verdict.

## II

Finally, the plaintiff contends that the court improperly instructed the jury. In support of that assertion, the plaintiff argues that the court improperly instructed the jury on the law of judicial admissions by using permissive rather than mandatory language regarding the defendants' admission of negligence in their answer. Further, the plaintiff asserts that the court's instruction regarding the verdict forms constituted plain error because it was confusing, ambiguous and prejudicial. We cannot agree.

The following additional procedural history is relevant in our determination of the plaintiff's claim. Prior to the court's instruction, the plaintiff presented the court with both a plaintiff's verdict form and a defendants' verdict form. Soon thereafter, the court inquired of the parties as follows: "So, there is no problem with this, with there being the notion overall of a defendants' verdict?" Neither party objected. Following closing arguments, the court instructed the jurors with regard to judicial admissions and the use of the two verdict forms that had been submitted to them.[13] At the end of the court's instruction, the plaintiff took one unrelated exception, which has not been claimed on appeal, but did not address an exception to the court's instruction on judicial admissions or the use of the verdict forms.

[13] The court instructed in relevant part: "Now, in this case it's unnecessary for you to decide [whether] the defendants [were] negligent . . . . Counsel for the defendants amended the defendants' answer in the spring of 1996 and in said answer they made certain admissions. When a plaintiff claims and alleges that a certain thing is true and a defendant files a pleading called an answer, which admits that certain of the things were true, then you may take that as a proven fact. In this case, there are admissions, then, which permit you to take as a proven fact the defendants' negligence. Keith Lucas and Davis Waste Management may be deemed by you to be negligent in the June 26, 1991 collision between a car operated by Ms. Macy and a truck operated by Mr. Lucas and owned by Davis Waste Management.

"That is to say, the defendants admit the allegation of the plaintiff that, quoting the plaintiff's complaint, '[t]hat the collision was caused by the negligence of defendant Keith Lucas in that he failed to keep a proper and reasonable lookout for other vehicles lawfully on the highway.'

"It has also been admitted that defendant Davis Waste Management, Inc., was the employer of Mr. Lucas and the owner of the truck, with Mr. Lucas being within his employment and operating the truck. Under either of these circumstances, either as employer of the gentleman, Mr. Lucas, or as owner of the truck, Davis Waste Management would be liable. Therefore, in this particular case, if there should be a verdict for the plaintiff on the damages issues, which you will be determining, it should be brought in against both defendants.

"Conversely, if you should find that the plaintiff has proven no proximately caused damages, then your verdict should be for both defendants simply because there is no reason for you to distinguish between the two defendants in this case. They will either jointly succeed or fail together."

## A

The plaintiff first argues that the court improperly instructed the jury on the law of judicial admissions by using permissive rather than mandatory language. As we stated in part I C, the plaintiff requested in her proposed charge that the court instruct the jury regarding the effect of admissions and concessions by the opposing party. See footnote 9. As such, we deem that aspect of her claim to have been preserved properly. Our standard of review for claims of instructional error is well established. "[J]ury instructions must be read as a whole and . . . are not to be judged in artificial isolation from the overall charge. . . . The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict . . . and not critically dissected in a microscopic search for possible error." (Internal quotation marks omitted.) *State* v. *Solek*, 66 Conn. App. 72, 87–88, 783 A.2d 1123, cert. denied, 258 Conn. 941, 786 A.2d 428 (2001). "Our standard of review on this claim is whether it is reasonably probable that the jury was misled. . . . The test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Therefore, jury instructions need not be exhaustive, perfect, or technically accurate. Nonetheless, the trial court must correctly adapt the law to the case in question and must provide the jury with sufficient guidance in reaching a correct verdict." (Internal quotation marks omitted.) Id., 88.

As we stated in part I B, the only proper reading of the defendants' answer was that it constituted an admission that the defendants had caused the collision, but that it was not an admission that they had caused the plaintiff's actual injuries. The court's instruction,

when read as a whole, reflected that reading of the defendants' answer and impressed upon the jury, despite other permissive language, that it was "unnecessary" for the jury to determine whether the defendants had caused the collision. The court's instruction focused the jury on the central issue of the case, namely, whether the plaintiff proved that the defendants had "proximately caused damages" to her in the accident. Further, the plaintiff ignores several portions of the instruction that firmly establish those two points. Accordingly, and after a thorough review of the whole instruction, we conclude that it is not reasonably probable that the jury was misled by the court's instruction and that it provided the jury with sufficient guidance in reaching a correct verdict.

## B

The plaintiff finally asserts that the court's instruction regarding the verdict forms constituted plain error because it was confusing, ambiguous and prejudicial.[14] We decline to review that claim.

As we often have stated, "[p]lain error review is reserved for truly extraordinary situations . . . and is not even implicated unless the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Smith*, 70 Conn. App. 393, 400, 797 A.2d 1190 (2002). This case does not present such a rare event, especially in light of the fact that the parties had agreed to submit to the jury both verdict forms, the use of which necessarily implies the strong possibility of

---

[14] Although the standard under which the plaintiff pursues this claim was left unclear in her appellate brief, the plaintiff clarified at oral argument her belief that the court's instruction regarding the verdict forms constituted plain error. We note as well that the plain error standard is appropriate because the plaintiff failed to request a charge concerning the verdict forms and failed to take exception to the given instruction. See Practice Book § 16-20 et seq.

the result achieved here, namely, that the jury might return a verdict for the defendants and that the plaintiff would be awarded no damages. Moreover, "[o]ur Supreme Court has made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial. . . . This same principle requires parties to raise an objection, if possible, when there is still an opportunity for the trial court to correct the proposed error. . . . When we speak of correcting the claimed error, we mean when it is possible during that trial, not by ordering a new trial. We do not look with favor on parties requesting, or agreeing to, an instruction or a procedure to be followed, and later claiming that that act was improper." (Citations omitted; internal quotation marks omitted.) *Powers* v. *Farricelli*, 43 Conn. App. 475, 478, 683 A.2d 740, cert. denied, 239 Conn. 954, 688 A.2d 326 (1996). We therefore do not reach the merits of the plaintiff's claim.

The judgment is affirmed.

In this opinion the other judges concurred.