[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action seeking money damages for personal injuries allegedly caused by the defendant's negligence in the operation of a motor vehicle. The plaintiff admitted negligence and the case was tried to a jury on the issue of damages. The jury returned a verdict of $1.00 economic damages and $0.00 noneconomic damages.
The plaintiff has moved for an additur or to set aside the verdict as to damages only. Both aspects of the motion implicate the same standard for this court to apply. See Hunte v. Amica Mutual Insurance Co.,68 Conn. App. 534, 541-42, 792 A.2d 132 (2002). "The verdict should be disturbed only by considerations of the most persuasive character, as where the verdict shocks the sense of justice or the mind is convinced that it is in fact entirely disproportionate to the injury . . . The evidence offered at trial must be given the most favorable construction to which it is reasonably entitled in support of the verdict . . . Only under the most compelling circumstances may the court set aside a jury verdict because to do so interferes with a litigant's constitutional right in appropriate cases to have issues of fact decided by a jury . . . The amount of damages to be awarded is a matter particularly within the province of the jury." (Citations omitted; internal quotation marks omitted.) Id., 541-42, quoting Shea v. Paczowski, 11 Conn. App. 232,233-34, 526 A.2d 558 (1987).
The jury was at liberty to disbelieve the testimony of the plaintiff. His credibility was damaged during cross-examination. The jury also could have disbelieved the opinions and observations of the plaintiff's physician who, rightly or wrongly, may well have appeared to the jury as trying to unduly accommodate the plaintiff's attorney.
The critical witness, for purposes of the plaintiff's motion, was Dr. David Brown, the physician called by the defendant. Dr. Brown essentially testified that the plaintiff sustained no permanent injury in the motor vehicle accident that was the subject of this action if he was CT Page 1634 asymptomatic prior to that accident.
The plaintiff sustained a serious injury to the same area of the spine in 1979. He was hospitalized for several days for that injury. The hospital discharge summary at that time indicated that the plaintiff did not have a permanent disability and had 85 percent normal range of cervical "motion with no referring pain into either upper extremity."
The plaintiff argues that there was no evidence of another injury to the neck after the 1979 accident until the present injury, and that there was no evidence of treatment of the plaintiff for neck pain between 1979 and 1997. Even if the plaintiff did not receive treatment for such an injury during that eighteen-year interval,[1] whether he was truly asymptomatic rested largely on his own testimony. Also, that the hospital discharge summary from his 1979 accident describes 85 percent normal range of cervical motion with no referring pain, could reasonably be read by the jury to indicate that the plaintiff had lost 15 percent range of motion in that accident.
Although the defendant admitted negligence, he did not admit causation or damages. Accordingly, the "burden remained on the plaintiff to `demonstrate that the defendants' negligence was the proximate cause of [his] injuries.' Mack v. LaValley, [55 Conn. App. 150, 162, 738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363 (1999)]; see also Clay v.Teach, 37 Conn. App. 556, 559, 656 A.2d 1065 ("[e]ven though the defendants were found liable . . . the burden of proof as to the amount of damages sustained was upon the plaintiff"), cert. denied, 234 Conn. 902,659 A.2d 1205 (1995). The plaintiff apparently failed to carry her burden in the eyes of the jurors, who were the ultimate arbiters of that disputed issue. See Mack v. LaValley, supra, 162; see also Clay v.Teach, supra, 560." Macy v. Lucas, 72 Conn. App. 142, 151, 804 A.2d 971, cert. denied, 262 Conn. 905, 810 A.2d 272 (2002). The plaintiff's credibility was sufficiently compromised during the trial that the court cannot say that the jury could not have reasonably chosen to disbelieve that he was asymptomatic during the relevant time period.
The plaintiff's motion is denied.
BY THE COURT
 Bruce L. Levin Judge of the Superior Court