DOMINICK J. CAVALIERE *v.* VIRGINIA J. OLMSTED
(AC 26666)

DiPentima, McLachlan and Peters, Js.

---

Submitted on briefs September 11—officially released November 7, 2006

*Philip Russell* filed a brief for the appellant (plaintiff).

*Kevin R. Murphy* and *Robert J. Sickinger* filed a brief for the appellee (substitute defendant).

*Opinion*

McLACHLAN, J. The plaintiff, Dominick Cavaliere, appeals from the judgment of the trial court rendered after a jury trial that culminated in a general verdict in favor of the substitute defendant, Joseph Olmsted, executor of the estate of Virginia J. Olmsted.[1] On appeal,

---

[1] This action was brought against Virginia J. Olmsted, who died prior to the commencement of trial. The court granted the plaintiff's motion to substitute Joseph Olmsted, executor of the estate of Virginia J. Olmsted, as the party defendant. In this opinion, we refer to Virginia J. Olmsted as the defendant.

the plaintiff claims that the court improperly (1) failed to charge the jury on the applicable standard of care owed by the defendant motor vehicle operator to the plaintiff construction worker and (2) charged the jury as to comparative negligence. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At approximately 7:30 a.m. on August 21, 2000, the plaintiff was performing road resurfacing work on Cherry Street in New Canaan. The plaintiff was an employee and part owner of Cavaliere Industries, Inc., and was the foreman at the work site. At that time, the defendant was operating her vehicle on Cherry Street and was proceeding through the road construction area at approximately ten to fifteen miles per hour. The plaintiff was walking along the roadway beside a milling machine, which is a large piece of construction equipment. He then walked several steps out into the roadway, without looking back to check for traffic, and was struck by the defendant's vehicle.

Vincent DeMaio, a sergeant with the New Canaan police department, witnessed the accident. Approximately five minutes before the plaintiff was struck, DeMaio had driven through the road construction area. He noticed that proper traffic controls were not in place. He observed that there were no flagmen at the site, no signs prohibiting access and no barricades to prevent vehicles from entering the roadway. DeMaio telephoned his lieutenant and requested that he come to the site so that proper traffic controls could be put in place or to close the construction site. DeMaio was looking for the foreman of the project to discuss the situation when he happened upon the accident. He observed the plaintiff, who was not wearing a reflective vest, walking across Cherry Street prior to impact with the defendant's vehicle. In his accident report, DeMaio listed the driver's obstructed view as a contributing factor. The

line of sight obstruction was due to the position of the milling machine and the grade and curve of the roadway.

On April 9, 2002, the plaintiff filed this action, claiming that the defendant's negligent operation of her vehicle caused his injuries. The plaintiff alleged, inter alia, that the defendant breached her duty of care by "failing to exercise due care to avoid a pedestrian pursuant to . . . General Statutes § 14-300d" and by "failing to keep an appropriate look out for pedestrians . . . ." The defendant denied those allegations in her answer and asserted a special defense of contributory negligence. At trial, neither party requested jury interrogatories. The jury returned a general verdict in favor of the defendant, and the court denied the plaintiff's subsequent motion to set aside the verdict. This appeal followed.

The plaintiff claims that the court improperly failed to charge the jury on the applicable standard of care owed by the defendant, as an operator of a motor vehicle, to the plaintiff, as a construction worker in a road construction area. Specifically, the plaintiff argues that a special or heightened duty of care arises when motorists are aware of the existence of highway workers in a construction area. His second issue is related in that he claims that the court's charge to the jury on the defendant's special defense of contributory negligence was improper because the plaintiff was identified as a pedestrian, rather than as a construction worker.[2] That

---

[2] The plaintiff claims that the court improperly cited various statutes pertaining to pedestrians when charging the jury on the defendant's special defense, when no evidence had been presented that the plaintiff was a pedestrian at the time of the incident. A review of the file indicates that at trial, the plaintiff argued only that the "jaywalking" statute should not have been included in the charge. The plaintiff did not argue or take an exception to the charge on the grounds that statutes pertaining to pedestrians did not apply or that there was no evidence presented that the plaintiff was a pedestrian. The plaintiff first raised that argument in his motion to set aside the verdict and for a new trial. The defendant, therefore, did not properly preserve this claim on appeal. See *Barrese* v. *DeFillippo*, 45 Conn. App. 102, 104, 694 A.2d 797 (1997); *Powers* v. *Farricelli*, 43 Conn. App. 475, 478, 683 A.2d 740, cert. denied, 239 Conn. 954, 688 A.2d 326 (1996).

issue also would implicate the applicable standard of care. The plaintiff claims that the degree of care he needed to exercise as a construction worker was not as high as that expected of a pedestrian.

Before we consider the merits of the plaintiff's claims on appeal, we first must determine whether our review of those claims is barred by the general verdict doctrine. "Under the general verdict rule, if a jury renders a general verdict for one party, and [the party raising a claim of error on appeal did not request] interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party. . . . Thus, in a case in which the general verdict rule operates, if any ground for the verdict is proper, the verdict must stand; only if every ground is improper does the verdict fall. . . . The rule rests on the policy of the conservation of judicial resources, at both the appellate and trial levels." (Internal quotation marks omitted.) *Tetreault* v. *Eslick,* 271 Conn. 466, 471, 857 A.2d 888 (2004).

The defendant claims that without jury interrogatories, this court is unable to discern whether the jury found that the plaintiff had failed to prove the negligence allegations of his complaint or whether the jury found that the defendant had prevailed on her special defense of contributory negligence. Because the plaintiff challenges the court's determination of the applicable standard of care in a situation involving a motorist and a construction worker in a road construction area,

Moreover, the plaintiff's complaint specifically alleged that the defendant breached her duty of care by failing "to avoid a pedestrian pursuant to . . . General Statutes § 14-300d" and by "failing to keep an appropriate look out for pedestrians . . . ." The plaintiff therein acknowledged that he was a pedestrian, and he cannot claim now that he is a pedestrian for purposes of the allegations of his complaint, but is not a pedestrian for purposes of the defendant's special defense of contributory negligence. The plaintiff judicially admitted his status as a pedestrian at the time of the accident. See *Dreier* v. *Upjohn Co.,* 196 Conn. 242, 248, 492 A.2d 164 (1985).

the claimed error affects not only the claims of negligence in the complaint, but also the claim of contributory negligence in the special defense. If the plaintiff is correct that a construction worker is owed a higher duty of care in a work area, then the degree of care that he must exercise to avoid a claim of contributory negligence would be less than that required of a pedestrian under ordinary circumstances. The plaintiff's claim alleges a defect in the instruction that relates both to the plaintiff's theory of negligence and the defendant's theory of contributory negligence. For that reason, even if we assume that the jury rejected the plaintiff's allegations of negligence *and* found him contributorily negligent, *both* of those determinations are undermined by the court's failure to instruct the jury regarding the proper standard of care. There is therefore no "untainted route" to the verdict. See *Monterose v. Cross*, 60 Conn. App. 655, 661, 760 A.2d 1013 (2000).

We therefore conclude that the general verdict rule does not preclude our review of the plaintiff's claim that the court failed to charge the jury as to the applicable standard of care owed by a motorist to a construction worker in a road construction area. The plaintiff requested that the court give the instruction that the defendant owed the plaintiff a special duty of care.[3] The court gave the jury the ordinary standard of care instructions for a negligence case. The plaintiff did not take an exception to those instructions. The failure to do so, however, is of no moment. "If a written request covers the issue, an exception on that point is not neces-

---

[3] The plaintiff's request to charge regarding the applicable standard of care provided: "In this case, the defendant owed the plaintiff a special duty of care due to his being upon the roadway because his work required it. This is because a workman upon the roadway cannot devote his or her full attention to vehicles upon the roadway but instead must devote his or her attention to the work he or she is performing. *Viretto v. Tricarico*, 116 Conn. 718 [165 A. 345] (1933)."

sary." (Internal quotation marks omitted.) *Scanlon* v. *Connecticut Light & Power Co.*, 258 Conn. 436, 445 n.14, 782 A.2d 87 (2001).

The plaintiff cites *Pfaff* v. *H. T. Smith Express Co.*, 120 Conn. 553, 181 A. 621 (1935), and *Viretto* v. *Tricarico*, 116 Conn. 718, 165 A. 345 (1933), to support his claim that a special or heightened duty of care is owed to a workman when he is in the roadway in the performance of his duties. Even if we assume arguendo that the plaintiff's interpretation of the holdings in those cases is correct, the evidence in this case does not support the heightened standard of care charge claimed by the plaintiff. "The correctness of a charge is determined by the proof offered during the course of the trial." *Monterose* v. *Cross*, supra, 60 Conn. App. 660. As we previously noted, DeMaio testified that he drove through the work area approximately five minutes before the plaintiff was struck, and he observed no flagmen, no signs closing the roadway and no barricades preventing entry to the site. Because proper traffic controls were not in place, he was looking for the foreman at the work site to discuss the situation when he happened upon the accident. On the basis of the evidence presented at trial, the court properly charged the jury as to the applicable standard of care that the defendant owed the plaintiff in this case.

The plaintiff's second claim fails because the court gave the proper instruction on the applicable standard of care for negligence and for the reasons stated in footnote 2.

The judgment is affirmed.

In this opinion the other judges concurred.